Fanny Wan (SBN 277606)
fwan@raslg.com
**ROBERTSON, ANSCHUTZ, SCHNEID& CRANE LLP**
350 10th Avenue, Suite 1000
San Diego, CA 92101
Telephone: (470) 321-7112 Ext. 52286

Attorneys for Creditor
Deutsche Bank National Trust Company, as
Trustee for American Home Mortgage Assets Trust
2006-2, Mortgage-Backed Pass-Through
Certificates Series 2006-2

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Tara C Steele,<br><br>  Debtor(s). | Case No. 6:23-bk-15661-SY<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGANIZATION**<br><br>**SUBJECT PROPERTY:**<br>38055 Debby Lane<br>Hemet, CA 92544-9795<br><br>**CONFIRMATION HEARING :**<br>DATE:   February 27, 2024<br>TIME:    1:30 PM<br>PLACE:  3420 Twelfth St.,<br>              Riverside, CA 92501<br>CRTRM: 302<br><br>**Judge Scott H. Yun** |

Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2006-2, Mortgage-Backed Pass-Through Certificates Series 2006-2 (collectively the "Creditor"), secured creditor of the above-entitled debtor, Tara C Steele ("Debtor"), hereby objects to confirmation of the Chapter 13 Plan filed by the Debtor in the above-referenced matter. The basis of the objection is stated below: [1]

---

[1] This objection shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Robertson, Anschutz, Schneid & Crane LLP's participation in this proceeding. Moreover, the within party does not authorize Robertson, Anschutz, Schneid & Crane, LLP, either expressly or impliedly through Robertson, Anschutz, Schneid & Crane LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

## STATEMENT OF FACTS[2]

On or about June 2, 2006, Tara Steele, Debtor, executed a promissory note in the original principal sum of $522,750.00 (the "Note") which was made payable to American Brokers Conduit. ("Lender").  The Note was and remains secured by a recorded deed of trust (the "Deed of Trust") encumbering the real property located at 38055 Debby Lane, Hemet, CA 92544-9795 (the "Subject Property").  Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Creditor.

On December 4, 2023, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District Of California, Riverside Division and was assigned case number 6:23-bk-15661-SY.

On December 18, 2023, Debtor filed their Chapter 13 Plan ("Plan").  The Plan listed Creditor under Class 3A, where the claim is unimpaired and to be paid directly by Debtor outside Plan.  Creditor object to the confirmation of the property Plan because it fails to provide for curing of Creditor's pre-petition arrears.

### I.    ARGUMENT

**A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT DOES NOT PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED BY 11 U.S.C. §1322(b)(5)**

Section 1325(a)(1) requires that "the plan complies with the provisions of this chapter and with the other applicable provisions of this title."  11 U.S.C. § 1325(a)(1). Section 1322(b)(5) requires that all chapter 13 plans must provide for the "curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." Further, section 1322(b)(2) prohibits debtors from modifying the rights of secured creditor whose security interest is secured solely by the debtor's principal residence.

---

[2] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the sworn bankruptcy schedules and other relevant documents filed in the instant case.

In the present case, Debtor's Plan fails to provide for any outstanding arrears on Secured Creditor's pre-petition claim. Secured Creditor is in the process of preparing its Proof of Claim[3] to be filed with the Court. Secured Creditor anticipates its Proof of Claim will reflect pre-petition arrears in the approximate amount of $16,029.25. Debtor's Plan fails to meet the requirements of section 1325(a)(1) because it does not provide to promptly cure the **entire** outstanding balance of Creditor's arrearage claim as required by section 1322(b)(5).

Based upon the foregoing, the Court should deny confirmation of the Debtor's Plan. In the alternative, the Court should confirm the Plan with a provision stating the Debtor must cure Creditor's entire pre-petition arrears, estimated in the amount of $16,029.25, in equal monthly payments over a period of time not to exceed (60) months.

**WHEREFORE**, Creditor respectfully requests:

i) That the Court deny confirmation of the Debtor's Plan;

ii) For such other and further relief as this court deems just and proper

Respectfully submitted,

**ROBERTSON, ANSCHUTZ, SCHNEID, & CRANE LLP**

Dated: January 18, 2024        /s/ *Fanny Wan*        (SBN 277606)
Fanny Wan
Attorneys for Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2006-2, Mortgage-Backed Pass-Through Certificates Series 2006-2

---

[3] The deadline for filing a proof of claim is 02/12/2024.