| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for*: Debtor | **FILED & ENTERED**<br><br>**JUN 24 2024**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** Mason **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>TARA C. STEELE,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 6:23-bk-15661-SY<br>CHAPTER 13<br><br>**ORDER   ☒ GRANTING   ☐ DENYING**<br>**DEBTOR'S MOTION TO AVOID JUNIOR LIEN**
**ON PRINCIPAL RESIDENCE**
**[11 U.S.C. § 506(d)]**<br><br>DATE: June 18, 2024<br>TIME: 1:30 PM<br>COURTROOM: 302<br>ADDRESS: 3420 Twelfth Street<br>           Riverside, CA 92501 |

**Creditor Holding Junior Lien** *(name)*: SPECIALIZED LOAN SERVICING

1. The Motion was:   ☐ Opposed   ☒ Unopposed   ☐ Settled by stipulation

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) (Subject Liens) encumbering the real property (Collateral) described in the Motion, which is the principal residence of Debtor.

3. ☒ Motion granted as set forth in the **Attachment** to this order.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                              Page 1                              F 4003-2.4.JR.LIEN.ORDER

4. ☐ Motion denied on the following grounds:    ☐ with prejudice    ☐ without prejudice

    a. ☐ Based upon the findings and conclusions made on the record at the hearing

    b. ☐ Unexcused non-appearance by Movant

    c. ☐ Lack of proper service

    d. ☐ Lack of evidence supporting motion

5. ☐ The court further orders as follows (*specify*):

    ☐ See attached page

###

Date: June 24, 2024

Scott H. Yun
United States Bankruptcy Judge

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 2    F 4003-2.4.JR.LIEN.ORDER

# ATTACHMENT TO MOTION/ORDER
## (11 U.S.C. § 506: VALUATION/LIEN AVOIDANCE)

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer:** SPECIALIZED LOAN SERVICING.

2. **Subject Lien:** Date (*specify*), 11/14/2006 and place (*specify*): Riverside County Recorder
of recordation of lien; Recorder's instrument number and/or document recording number: DOC # 2006-0841283

3. **Collateral:**
   a. Real property (street address, legal description or map/book/page number, including county of recording):

   Street address:
   38055 DEBBY LANE, HEMET, CA 92544-9795

   Legal description:
   LOT 6 OF TRACT NUMBER 11430 IN CITY OF HEMET, COUNTY OF RIVERSIDE, IN THE STATE OF CA. AS RECORDED IN MAP BOOK 106 PAGE NUMBER(S) 83-87

   ☐ See attached page.

   b. Other collateral: _____    ☐ See attached page.

4. **Secured Claim Amount Determination**
   a. Value of Collateral: ………………………………………………………………… $460,000.00
   b. Amounts of Senior Liens (reducing equity in the property to which the Subject Lien can attach):
       (1) First lien: ……………………………………….. ($495,664.91)
       (2) Second lien: ……………………………………. ($40,847.81) [Subject Lien]
       (3) Third lien: ……………………………………….. ($_____)
       (4) Additional senior liens (*attach list*): ………………… ($_____)
       Subtotal: ……………………………………………………………………………. ($536,512.72)
   c. Secured Claim Amount (negative results should be listed as -$0-): $0.00

   Unless otherwise ordered, *the Subject Lien* is to be treated as a nonpriority unsecured claim and is to be paid pro rata with all other nonpriority unsecured claims in Class 5A of the Plan.

5. **Lien avoidance:** Debtor's request to avoid the Subject Lien is granted as follows. The effective date of avoidance of the Subject Lien (Lien Avoidance Effective Date) will be upon:
   ☒ completion of the Chapter 13 Plan, or ☐ receipt of a Chapter 13 discharge in this case.

6. **Retention of lien until avoidance:** The Creditor Lienholder will retain the Subject Lien for the full amount due under the corresponding note and deed of trust, mortgage or lien if the Debtor's chapter 13 case is dismissed or converted to any other chapter under the Bankruptcy Code, or if the Collateral is sold or refinanced, prior to the Lien Avoidance Effective Date.

7. **Retention of rights upon foreclosure of other lien:** In the event that the holder of any other lien on the Collateral forecloses on its interest and extinguishes the Creditor Lienholder/Servicer's lien rights prior to the Lien Avoidance Effective Date, the Creditor Lienholder's lien shall attach to any proceeds greater than necessary to pay the senior lien(s) from the foreclosure sale.

☐ See attached page(s) for more liens/provisions.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                                    Page 3                                    **F 4003-2.4.JR.LIEN.ORDER**