Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

David Coats (SBN 295684)
dacoats@raslg.com
Robertson, Anschutz, Schneid & Crane, LLP
1 Park Plaza, Suite 600
Irvine, CA 92614

FOR COURT USE ONLY

☐ Individual *appearing without an attorney*
☒ *Attorney for:* Movant

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

In re:
Tara C Steele

CASE NO.: 6:23-bk-15661

CHAPTER: 13 ▼

**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1]): MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. 362 (REAL PROPERTY)

Debtor(s)

PLEASE TAKE NOTE that the order titled ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. SEC. 361 (REAL PROPERTY)

was lodged on (*date*) ___03/29/2026___ and is attached.  This order relates to the motion which is docket number 59 .

---

[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>David Coats (SBN 295684)<br>dacoats@raslg.com<br>Robertson, Anschutz, Schneid & Crane, LLP<br>1 Park Plaza, Suite 600<br>Irvine, CA 92614<br>Phone: (470) 321-7112 | FOR COURT USE ONLY |
|---|---|
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>RIVERSIDE</u> DIVISION**

| In re:<br><br>Tara C. Steele,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:23-bk-15661<br><br>CHAPTER: 13<br><hr>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><hr>DATE: March 4, 2026<br>TIME: 9:30 a.m.<br>COURTROOM: 302<br>PLACE: 3420 Twelfth Street, Riverside, CA 92501 |
|---|---|

**Movant:** Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2006-2, Mortgage-Backed Pass-Through Certificates Series 2006-2

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:      <u>38055 Debby Lane</u>
   *Unit/suite numbe*r:    _____
   *City, state, zip code*:   <u>Hemet, CA 92544-9795</u>

   Legal description or document recording number (including county of recording):


   ☒ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

<u>**Exhibit A**</u>

**SUPPLEMENT TO ORDER GRANTING MOTION FOR RELIEF
<u>FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)</u>**

In Re:
**Debtor: Tara C Steele**
**Case No. 6:23-bk-15661-SY**

The post-petition arrears listed in paragraph 3 of the Adequate Protection Agreement are calculated as follows:

<u>**Monthly Mortgage Payments**</u>:

| Payment Due Date | Monthly Payment Amount | Missed Payments |
|---|---|---|
| 4/1/2025 – 6/1/2025 | $2,701.40 | 3 |
| | **TOTAL:** | **$8,104.20** |

<u>**Attorney's Fees & Costs for the Motion**</u>:
Attorney's Fees:            $1350.00
Costs (Filing Fee):         $199.00
**TOTAL:**                 **$1,549.00**

<u>**Total Arrears**</u>:
Post-Petition Delinquent Payments:    $8,104.20
Fees & Costs                   $1,549.00
LESS: Suspense             ($349.79)
**TOTAL:**                    **$9,303.41 (the "Post-Petition Arrears")**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*             Page 2             **F 4001-1.RFS.RP.ORDER**

3. The Motion is granted under:

a. ☐ 11 U.S.C. § 362(d)(1)

b. ☐ 11 U.S.C. § 362(d)(2)

c. ☐ 11 U.S.C. § 362(d)(3)

d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

(2) ☐ Multiple bankruptcy cases affecting the Property.

(3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

(4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    **F 4001-1.RFS.RP.ORDER**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1.  ☐  The Debtor tendered payments at the hearing in the amount of $_____.

2.  ☒  The Debtor must make regular monthly payments in the amount of $2,701.40commencing (*date*) July 1, 2025. The amount of these payments may be subject to change under the terms of the parties' original agreements.  All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

    > Pay to: PHH Mortgage
    > PO BOX 24781 ATTN: SBRP
    > West Palm Beach, FL 33416

3.  ☒  The Debtor must cure the postpetition default computed through June 1, 2025 in the sum of $9,303.41 as follows:

    a.  ☒  In equal monthly installments of $ 1,550.56 each commencing (*date*) July 15, 2025 and continuing thereafter through and including (*date*) November 15, 2025.

    b.  ☐  By paying the sum of $ _____ on or before (*date*)_____,

    c.  ☐  By paying the sum of $ _____ on or before (*date*)_____,

    d.  ☐  By paying the sum of $ _____ on or before (*date*)_____,

    e.  ☒  Other (*specify*): In accordance with paragraph 3(a), the last stipulation payment in the amount of $1,550.61 is to made on or before (date) December 15, 2025 to cure the exact total post-petition arrearage amount of $9,303.41.

4.  ☐  The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5.  ☐  The Debtor must file a disclosure statement and plan on or before (*date*) _____
    The disclosure statement must be approved on or before (*date*) _____
    The plan must be confirmed on or before (*date*) _____

6.  ☒  Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any.  If the Debtor fails to cure the default within 14 days after service of such written notice:

    a.  ☐  The stay automatically terminates without further notice, hearing or order.

    b.  ☒  Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.

    c.  ☐  The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.

    d.  ☐  The Movant may move for relief from the stay on regular notice.

7.  ☒  Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of three (3) notices of default and opportunities to cure pursuant to the preceding paragraph.  Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure.  If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*):

Supplemental itemized exhibit "A" is attached.


**IT IS SO STIPULATED AND AGREED:**


NEXUS BANKRUPTCY

Dated:  10/7/2025

/s/ _____
BENJAMIN HESTON


ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP

Dated: 7/9/2025

/s/ Sean C. Ferry _____
SEAN C. FERRY

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 6                                    **F 4001-1.RFS.RP.ORDER**

## L . O . U
### Lodged Order Upload

**Bankruptcy LODGED ORDER UPLOAD FORM**

Sunday, March 29, 2026

CONFIRMATION :

Your Lodged Order Info:

( **11345023.docx** )
A new order and exhibit has been added

- **Office**: Riverside
- **Case Title**: Tara C Steele
- **Case Number**: 23-15661
- **Judge Initial**: SY
- **Case Type**: bk ( Bankruptcy )
- **Document Number**: 59
- **On Date**: 03/29/2026 @ 07:58 PM

Thank You!

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street
Los Angeles, CA 90012

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
 ROBERTSON, ANSCHUTZ, SCHNEID & CRANE, LLP / 1 PARK PLAZA, SUITE 600, IRVINE, CA 92614


A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
___03/29/2026____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
 BENJAMIN HESTON: BHESTONECF@GMAIL.COM
 ROD DANIELSON (TR): 3787 UNIVERSITY AVENUE, RIVERSIDE, CA 92501
 UNITED STATES TRUSTEE (RS): 3801 UNIVERSITY AVENUE, SUITE 720, RIVERSIDE, CA 92501

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) ___03/29/2026____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
 TARA C. STEELE: 38055 DEBBY LANE, HEMET, CA 92544-9795
 U.S. BANKRUPTCY COURT, RIVERSIDE DIVISION: 3420 TWELFTH STREET, SUITE 345, RIVERSIDE, CA 92501

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/29/2026 | DAVID COATS | /S/ DAVID COATS |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.