United States Bankruptcy Court

Central District of California

In re:                                                            Case No. 23-15661-SY

Tara C Steele                                         Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

| District/off: 0973-6 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Apr 02, 2026 | Form ID: pdf042 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 04, 2026:**

**Recip ID**                **Recipient Name and Address**
db                     Tara C Steele, 38055 Debby Lane, Hemet, CA 92544-9795

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 04, 2026                          Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 2, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Amitkumar Sharma | on behalf of Creditor Capital One Auto Finance a division of Capital One, N.A., c/o AIS Portfolio Services, LLC amit.sharma@aisinfo.com |
| Benjamin Heston | on behalf of Debtor Tara C Steele bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Dane W Exnowski | on behalf of Creditor Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-2, Mortgage-Backed Pass-Through Certificates Series 2006-2 dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com |
| David Coats | on behalf of Creditor Deutsche Bank National Trust Company dacoats@raslg.com |
| David Coats | on behalf of Creditor Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-2, Mortgage-Backed Pass-Through Certificates Series 2006-2 dacoats@raslg.com |
| Fanny Zhang Wan | on behalf of Creditor Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2006-2, Mortgage-Backed Pass-Through Certificates Series 2006-2 Fanny.Wan@mccalla.com, mccallaecf@ecf.courtdrive.com |
| Hadi R Seyed-Ali | |

District/off: 0973-6                                       User: admin                                        Page 2 of 2

Date Rcvd: Apr 02, 2026                                   Form ID: pdf042                                     Total Noticed: 1

|  |  |
|---|---|
| | on behalf of Creditor The Bank of New York Mellon f/k/a The Bank of New York as Indenture trustee for CWHEQ Revolving Home Equity Loan Trust  Series 2006-I Hadi.Seyed-Ali@padgettlawgroup.com, hadiseyedali@gmail.com |
| Joseph C Delmotte | on behalf of Interested Party Courtesy NEF ecfcacb@aldridgepite.com  JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com |
| Kristin A Schuler-Hintz | on behalf of Interested Party Courtesy NEF bknotice@mccarthyholthus.com Khintz@ecf.inforuptcy.com;Khintz@mccarthyholthus.com;Khintz@ecf.courtdrive.com |
| Kristin A Schuler-Hintz | on behalf of Creditor Capital One Auto Finance  a division of Capital One, N.A. bknotice@mccarthyholthus.com, Khintz@ecf.inforuptcy.com;Khintz@mccarthyholthus.com;Khintz@ecf.courtdrive.com |
| Larry Yip | on behalf of Creditor The Bank of New York Mellon f/k/a The Bank of New York as Indenture trustee for CWHEQ Revolving Home Equity Loan Trust  Series 2006-I lyip@lciinc.com |
| Rod Danielson (TR) | notice-efile@rodan13.com |
| Sarah Arlene Dooley-Lewis | on behalf of Creditor Deutsche Bank National Trust Company  as Trustee for American Home Mortgage Assets Trust 2006-2, Mortgage-Backed Pass-Through Certificates Series 2006-2 sdooleylewis@raslg.com |
| Sean C Ferry | on behalf of Creditor Deutsche Bank National Trust Company  as Trustee for American Home Mortgage Assets Trust 2006-2, Mortgage-Backed Pass-Through Certificates Series 2006-2 sferry@raslg.com, sean.ferry7@ecf.courtdrive.com |
| Theron S Covey | on behalf of Creditor Deutsche Bank National Trust Company AttorneyTCovey@gmail.com |
| United States Trustee (RS) | ustpregion16.rs.ecf@usdoj.gov |

TOTAL: 16

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

David Coats (SBN 295684)
dacoats@raslg.com
Robertson, Anschutz, Schneid & Crane, LLP
1 Park Plaza, Suite 600
Irvine, CA 92614
Phone: (470) 321-7112

FOR COURT USE ONLY

**FILED & ENTERED**

**APR 02 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Mason    DEPUTY CLERK**

**CHANGES MADE BY COURT**

☒ *Attorney for Movant*
☐ *Movant appearing without an attorney*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>RIVERSIDE</u> DIVISION**

In re:

TARA C. STEELE,

Debtor(s).

CASE NO.: 6:23-bk-15661

CHAPTER: 13

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**
**(REAL PROPERTY)**

DATE: March 4, 2026
TIME: 9:30 a.m.
COURTROOM: 302
PLACE: 3420 Twelfth Street, Riverside, CA 92501

**Movant:** Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2006-2, Mortgage-Backed Pass-Through Certificates Series 2006-2

1. The Motion was: ☐ Opposed   ☐ Unopposed   ☒ Settled by stipulation [Docket no. 71]

2. The Motion affects the following real property (Property):

   *Street address*:   <u>38055 Debby Lane</u>
   *Unit/suite number*:   <u>                                                      </u>
   *City, state, zip code*:   <u>Hemet, CA 92544-9795</u>

   Legal description or document recording number (including county of recording):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

All that certain real property situated in the County of Riverside, State of
California, described as follows:

Lot 6 of Tract 11430, in the County of Riverside, State of California, as per Map
recorded in Book 106, Pages through 87, inclusive of Maps in the Office of the
County Recorder of said County.

☐ See attached page.

3.  The Motion is granted under:

a.  ☐ 11 U.S.C. § 362(d)(1)

b.  ☐ 11 U.S.C. § 362(d)(2)

c.  ☐ 11 U.S.C. § 362(d)(3)

d.  ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud
creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the
secured creditor or court approval; and/or

(2) ☐ Multiple bankruptcy cases affecting the Property.

(3) ☐ The court ☐ makes ☐ does not make ☐ cannot make
a finding that the Debtor was involved in this scheme.

(4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this
order shall be binding in any other case under this title purporting to affect the Property filed not later than 2
years after the date of the entry of this order by the court, except that a debtor in a subsequent case under
this title may move for relief from this order based upon changed circumstances or for good cause shown,
after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or
liens in real property shall accept any certified copy of this order for indexing and recording.

4.  ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a.  ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b.  ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

c.  ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its
remedies regarding the Property do not constitute a violation of the stay.

5.  ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with
applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the
estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6.  ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7.  ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement
contained within this order.

8.  ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after
entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without
prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to
the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's
secured claim after entry of this order.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

9. ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐  The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

13. ~~Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).~~

14. ☐  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐  without further notice.

    (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐  This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐  This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐  without further notice.

    (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐  This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐  without further notice.

    (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐  Other (*specify*):

###

Date: April 2, 2026

Scott H. Yun
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*        Page 3        **F 4001-1.RFS.RP.ORDER**

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $2,701.40 commencing (*date*) July 1, 2025. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

    Pay to: PHH Mortgage
    PO BOX 24781 ATTN: SBRP
    West Palm Beach, FL 33416

3. ☒ The Debtor must cure the postpetition default computed through June 1, 2025 in the sum of $9,303.41 as follows:

    a. ☒ In equal monthly installments of $ 1,550.56 each commencing (*date*) July 15, 2025 and continuing thereafter through and including (*date*) November 15, 2025.

    b. ☐ By paying the sum of $ _____ on or before (*date*)_____,

    c. ☐ By paying the sum of $ _____ on or before (*date*)_____,

    d. ☐ By paying the sum of $ _____ on or before (*date*)_____,

    e. ☒ Other (*specify*): In accordance with paragraph 3(a), the last stipulation payment in the amount of $1,550.61 is to made on or before (date) December 15, 2025 to cure the exact total post-petition arrearage amount of $9,303.41.

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) _____
    The disclosure statement must be approved on or before (*date*) _____
    The plan must be confirmed on or before (*date*) _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

    a. ☐ The stay automatically terminates without further notice, hearing or order.
    b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
    d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of three (3) notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

8.  ☒  This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9.  ☒  If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10.  ☒  Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11.  ☒  Other (*specify*):

Supplemental itemized exhibit "A" is attached.

**IT IS SO STIPULATED AND AGREED:**

**NEXUS BANKRUPTCY**

Dated:  10/7/2025

/s/ _____
BENJAMIN HESTON

**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**

Dated: 7/9/2025

/s/ Sean C. Ferry
SEAN C. FERRY

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Exhibit A**

**SUPPLEMENT TO ORDER GRANTING MOTION FOR RELIEF
FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**

**In Re:**
**Debtor: Tara C Steele**
**Case No. 6:23-bk-15661-SY**

The post-petition arrears listed in paragraph 3 of the Adequate Protection Agreement are calculated as follows:

**Monthly Mortgage Payments**:

| Payment Due Date | Monthly Payment Amount | Missed Payments |
|---|---|---|
| 4/1/2025 – 6/1/2025 | $2,701.40 | 3 |
| | **TOTAL:** | **$8,104.20** |

**Attorney's Fees & Costs for the Motion**:
Attorney's Fees:          $1350.00
Costs (Filing Fee):        $199.00
**TOTAL:**                    **$1,549.00**

**Total Arrears**:
Post-Petition Delinquent Payments:        $8,104.20
Fees & Costs                              $1,549.00
LESS: Suspense                            ($349.79)
**TOTAL:**                    **$9,303.41 (the "Post-Petition Arrears")**